Saul S. Streit, J.
This is a motion by defendant for summary judgment. The action is upon two liability insurance policies (sometimes referred to as malpractice policies) issued by defendant to Joseph S. Herbert & Company, a firm of certified public accountants. Plaintiff, a former member of the insured firm, sues on these policies to recover the sum of $42,500, his alleged legal expenses and costs to defend against a criminal *1094 indictment in the United States District Court for the Southern District of New York.
The defendant contends (1) that the provisions of the liability policies issued to plaintiff’s firm do not contemplate payment to an insured professional man of his expenses incurred in defending criminal charges against him; (2) the policies expressly exclude coverage of claims for damages caused or alleged to have been caused by dishonesty, misrepresentation or fraud 1 ‘ if made or committed by the insured * * * with affirmative dishonesty or actual intent to deceive or defraud ’ ’; (3) insurance to defend against a criminal charge would violate the public policy of this State; and (4) plaintiff has not complied with the policies’ notice provisions.
The policies provide:
‘ ‘ I. Insuring Agreement
“ To insure the insured against direct pecuniary loss and expense arising from any claim made against the insured during the policy period, or within the claim notification period specified in Condition 1, by reason of legal liability for damages caused or alleged to have been caused by the insured or by any partner, officer or employee of the insured in the performance of services in his professional capacity as accountant for others prior to the termination of this policy “ (a) through neglect, error or omission “ (b) through dishonesty, misrepresentation or fraud, except if made or committed by the insured or any partner or officer thereof toith affirmative dishonesty or actual intent to deceive or defraud ”. (Emphasis supplied.)
‘ ‘ II. Defenses
“ To defend in behalf of the insured any suit even if such suit is groundless, against the insured alleging “ (a) such neglect, error or omission “ (b) such dishonesty, misrepresentation or fraud ”.
The policies further provide:
“ Conditions
“ I. Notices of Information Relating to Claims “ Upon receipt by the insured of any claim or of information of any occurrence which may give rise to a claim coming within the scope of this policy, the insured shall give immediate notice thereof with particulars to the Company ”.
It is undisputed that on August 28, 1956 plaintiff was interrogated by an Assistant United States Attorney. He was then informed that he might become the subject of a criminal investigation and proceedings. In September, 1957 he appeared before *1095 the Grand Jury. On October 7, 1957 a sealed indictment was filed against him which charged him with willfully filing a false income tax return, intentionally making false statements and representations and conspiracy to defraud the United States. The indictment was unsealed in January, 1958. At no time while the above events transpired did plaintiff request the defendant to supply a defense or to afford coverage in any way. On August 9, 1960 the plaintiff for the first time communicated with defendant by letter asking for reimbursement for his legal expenses.
As pointed out above, paragraph I of the two policies insures against claims by reason of legal liability for damages. This does not contemplate a liability for fines or imprisonment sought to be imposed by felony indictment. Liability for damages which are the subject of the coverage must be by reason of “neglect, error or omission ” or through “dishonesty, misrepresentation or fraud, except if made or committed by the insured * * * with affirmative dishonesty or actual intent to deceive or defraud ”.
The entire policy is geared to the role of a liability insurance carrier of defending and settling civil actions against the insured. The agreement to defend is limited by reference to the exact subject matter of the coverage agreement.
It is clear from this record that the plaintiff did not notify the defendant of his claim until he wrote a letter on August 9, 1960, 4 years after he was aware of the Government’s investigation and 31 months after the indictment was unsealed. In the circumstances the court is constrained to hold that the plaintiff has not complied with Condition I of the policies’ notice requirement.
In view of my ruling that those policies do not cover expenses incurred in the defense of criminal prosecutions and that the plaintiff has failed to give timely notice, it is unnecessary to decide whether the language of the indictment concerning willful intent would foreclose the plaintiff from any action or whether an insurance policy to cover expenses in defense of criminal charges would violate the public policy of this State. There is no triable issue and the complaint is dismissed.